**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 09-4268**

―――――――――――

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

KIMBERLY TAYLOR,

              Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (7:07-cr-00119-F-1)

―――――――――――

Submitted:  March 30, 2010          Decided:  April 15, 2010

―――――――――――

Before KING, DUNCAN, and AGEE, Circuit Judges.

―――――――――――

Vacated and remanded by unpublished per curiam opinion.

―――――――――――

Slade C. Trabucco, SULLIVAN, TRABUCCO & WAGONER, LLP,
Wilmington, North Carolina, for Appellant.  George E. B.
Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-
Parker, Assistant United States Attorneys, Raleigh, North
Carolina, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kimberly Taylor pled guilty to ten counts of bank fraud, 18 U.S.C. § 1344 (2006) (Counts 1-10), and two counts of aggravated identity theft, 18 U.S.C. § 1028A(a)(1) (2006) (Counts 11-12). She was sentenced to a term of seventy months imprisonment. Taylor appeals her sentence, contending that the district court's application of a two-level enhancement under U.S. Sentencing Guidelines Manual § 2B1.1(b)(10)(C)(i) (2008), for use of a means of identification (Social Security numbers) in the commission of the bank fraud, was plain error. She also argues that the sentence violated the Eighth Amendment and the sentencing goals set out in 18 U.S.C. § 3553(a) (2006). We agree that the increase in Taylor's offense level for use of Social Security numbers was plain error. United States v. Olano, 507 U.S. 725, 732 (1993) (defendant must show that (1) error occurred; (2) the error was plain; (3) the error affected her substantial rights). We conclude that the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings," id., and that resentencing is necessary.

For the bank fraud convictions, Taylor's total offense level was 21 and her advisory guideline range was 37-46 months. Taylor initially objected to the enhancement for use of Social Security numbers, but withdrew the objection at sentencing. The district court adopted the recommended guideline calculation in

2

the presentence report and imposed a sentence of forty-six months. The two-year sentences for the aggravated identity theft offenses were required under 18 U.S.C. § 1028A to be consecutive to any other term of imprisonment. See USSG § 2B1.6. The district court imposed a two-year sentence on each count of aggravated identity theft, consecutive to the forty-six-month bank fraud sentence, but concurrent with each other, which resulted in a total sentence of seventy months.

Application Note 2 to § 2B1.6 states that "[i]f a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for the transfer, possession, or use of a means of identification when determining the sentence for the underlying offense." The government concedes that the two-level increase under § 2B1.1(b)(10)(C)(i) for Taylor's use of Social Security numbers was plain error that increased her guideline range and affected her substantial rights. The government agrees that the case should be remanded for resentencing under the correct guideline range of 30-37 months, rather than the range of 37-46 months used by the district court. We agree, and we exercise our discretion to notice the error.

Taylor also maintains that her sentence violated the Eighth Amendment prohibition on cruel and unusual punishment because the government arbitrarily charged her with two counts

3

of aggravated identify theft which required sentences consecutive to her sentence for bank fraud. We do not discern any Eighth Amendment violation.

Last, Taylor argues that the district court erred by simply stating that it had considered the relevant § 3553(a) factors without discussing those factors in detail. Because we are remanding Taylor's case for resentencing, we will not address this issue. We note, however, that on remand, the district court should "apply the relevant § 3553(a) factors to the specific circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

For the reasons discussed, we vacate the sentence imposed by the district court and remand for resentencing without the enhancement under § 2B1.1(b)(10)(C)(i). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED